# SETTLEMENT AGREEMENT
# AND FULL AND FINAL RELEASE OF ALL FLSA CLAIMS

This Settlement Agreement and Full and Final Release of All FLSA Claims (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between Kimberly Monseur ("Plaintiff") and The Village Vets Buckhead, Inc. ("Defendant").

WITNESSETH:

WHEREAS, PLAINTIFF was employed by DEFENDANT; and

WHEREAS, Plaintiff instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled Kimberly Monseur v. The Village Vets Buckhead, Inc., Civil Action No. 1:17-cv-2163-MHC (hereinafter "the Civil Action") and

WHEREAS, PLAINTIFF asserts claims in the Civil Action for failure to pay overtime under the Fair Labor Standards Act; and seeks damages for back pay, liquidated damages, compensatory damages, prejudgment interest, attorney's fees and costs; and

WHEREAS, DEFENDANT has denied and continues to deny any liability to PLAINTIFF on the basis of any claim in the Civil Action; and

WHEREAS, DEFENDANT asserts that there is no factual or legal basis for the allegations in the Civil Action; and

WHEREAS, the Agreement constitutes a good faith settlement of disputed claims; and

1

WHEREAS, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that DEFENDANT or any of its managers, members, employees and/or other agents acted contrary to the law or violated the rights of PLAINTIFF or any other person at any time; and

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the PLAINTIFF and DEFENDANT agree as follows:

## CONSIDERATION

1.

DEFENDANT will cause to be paid $20,000.00 to PLAINTIFF and her attorneys within ten (10) days of the Court's approval of this Agreement (the "FLSA Settlement Amount") as follows:

$11,525.00 (less applicable taxes and withholdings required by law) to Kimberly Monseur (W-2)

$8,475.00 to Barrett & Farahany, LLP

PLAINTIFF and her attorneys agree that taxes will be withheld based upon the existing W-4 and GA-4 that Defendant currently has on file for Plaintiff. PLAINTIFF and her attorneys also agree to provide a completed W-9 prior to payment. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses set forth in the Civil Action.

PLAINTIFF and DEFENDANT agree that no amount of the compensation paid pursuant to this Agreement represents liquidated damages.  Except as expressly provide for in this Paragraph, the parties shall bear their own costs with respect to the claims raised in the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

## DISMISSAL OF ACTION

2.

PLAINTIFF agrees to dismiss, with prejudice, the Civil Action and agrees that she will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, subject to Plaintiff receiving payments required by this Agreement.  Should Defendant fail to make payments pursuant to this Agreement, Plaintiff may pursue her claims.

## WAIVER AND RELEASE OF FLSA CLAIMS

3.

PLAINTIFF and her attorneys, agents, assigns, heirs, executors, administrators and successors hereby fully, finally and forever releases and discharges DEFENDANT and its attorneys, members, managers, employees, assigns, principals, officers, directors, related entities and/or agents from any and all FLSA claims, including FLSA demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which she may have against DEFENDANT under the FLSA or other applicable wage payment law.  PLAINTIFF

represents that she is unaware of any other FLSA-related or wage payment claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which she has or may have against DEFENDANT. PLAINTIFF further agrees and acknowledges that DEFENDANT is relying upon this representation in entering into this Agreement. Nothing in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

PLAINTIFF represents and warrants that V. Severin Roberts and Barrett & Farahany are, and have been, the sole attorneys for her with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by DEFENDANT under the Agreement are intended to include all legal fees, costs, and/or expenses for which DEFENDANT could be liable in connection with the Civil Action.

### **WARRANTY**

4.

PLAINTIFF represents and warrants that she alone is entitled to assert any FLSA claim she may have against DEFENDANT, including the matters which were alleged in the Civil Action. PLAINTIFF further represents and warrants that she is fully authorized to enter into this Agreement and that she has not transferred or assigned any right to any claim or recovery against DEFENDANT. PLAINTIFF further represents that she will not file a lawsuit or complaint with any government

agency based on any claim released by this Agreement. PLAINTIFF agrees to indemnify and hold DEFENDANT harmless from any claim by any other person who is determined to have the right or authority to assert any FLSA claim on her behalf against DEFENDANT, or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees to indemnify and hold DEFENDANT harmless from any costs, expenses or damages sustained by reason of any such claim.

## **CONSTRUCTION**

5.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## **JUDICIAL APPROVAL OF SETTLEMENT**

6.

The parties agree to submit a Joint Motion for Review and Approval of Settlement Agreement and Full and Final Release of All FLSA Claims to the Court for judicial review and approval. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

## **OTHER RELIEF, AGREEMENTS AND COVENANTS**

7.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such valid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

### JURISDICTION AND VENUE

9.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in the United States District Court for the Northern District of Georgia, Atlanta Division, and all signers consent and agree to the jurisdiction of such courts and the venue of such proceedings.

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hand and seal this _____ day of November, 2017.

_____
Kimberly Monseur

_____
The Village Vets Buckhead, Inc.
By: WILLIAM R. DRAPER, JR.
Its: PRESIDENT

6